Tanja L. Darrow, Bar No. 175502
tdarrow@littler.com
Melissa Velez, Bar No. 316714
mvelez@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
Telephone: 213.443.4300
Fax No.: 213.443.4299

Attorneys for Defendant
AMERICAN AIRLINES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UZO AGUBATA, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>AMERICAN AIRLINES, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>  Defendants. | Case No. 5:22-cv-2232<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT AMERICAN AIRLINES, INC.**<br><br>**[28 U.S.C §§ 1332, 1441, AND 1446]**<br><br>Los Angeles Superior Court Case No. 22STCV36555<br><br>Complaint Filed: November 18, 2022 |

4870-2174-7009.1 / 086761-1000

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE OF REMOVAL OF CIVIL ACTION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF UZO AGUBATA, AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant AMERICAN AIRLINES, INC. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California. This Notice of Removal ("Notice") is proper pursuant to 28 U.S.C. sections 1332, 1441, and 1446 due to the existence of diversity jurisdiction. In support of this Notice, Defendant states the following:

## I. STATEMENT OF JURISDICTION (LOCAL RULE 8-1)

1. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. section 1332(a), and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441(b) because there is diversity of citizenship between the Plaintiff and the named Defendants, and the amount in controversy in this action exceeds $75,000. Specifically, Plaintiff Uzo Agubata ("Plaintiff") is a citizen of the State of California, where this action is currently pending, and Defendant American Airlines, Inc. is a Delaware corporation with its principal place of business in Texas. As such, Defendant is a citizen Delaware and Texas, not California.

2. As set forth below, this case meets Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

## II. VENUE

3. The action was filed in the Superior Court of the State of California, County of Los Angeles. Accordingly, venue properly lies in the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. sections 84(c)(2), 1391, 1446.

//

//

4870-2174-7009.1 / 086761-1000

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

2.    NOTICE OF REMOVAL OF CIVIL ACTION

## III.   PLEADINGS, PROCESS, AND ORDERS

4.   On November 18, 2022, Plaintiff filed his Complaint in this case in the Superior Court of California for the County of Los Angeles, entitled *UZO AGUBATA, Plaintiff v. AMERICAN AIRLINES, INC. and DOES 1-50,inclusive; Defendant*, and assigned Case No. 22STCV36555 (hereinafter, "Complaint").  Plaintiff's Complaint alleges claims for: (1) Disability Discrimination in Violation of the California's Fair Employment and House Act ("FEHA"); (2) Failure to Accommodate in violation of the FEHA;  (3) Failure to Engage in the Interactive Process in violation of the FEHA; (4) Retaliation in violation of the FEHA; (5) Failure to Prevent Discrimination and Retaliation in violation of the FEHA; (6) Violation of California Family Rights Act ("CFRA"); (7) Wrongful Termination in Violation of Public Policy; and (8) Intentional Infliction of Emotional Distress.  A true and correct copy of the Complaint is attached as "Exhibit A" to the Declaration of Melissa Velez in Support of Defendants' Notice of Removal ("Velez Decl."), filed concurrently herewith. Velez Decl. ¶ 2, Exh. A.

5.   Defendant answered Plaintiff's Complaint in the Los Angeles Superior Court on December 21, 2022.  A true and correct copy of Defendant's Answer is attached as "Exhibit B" to the Velez Declaration. Velez Decl. ¶ 3, Exh. B.

6.   Pursuant to 28 U.S.C. section 1446(a), the documents attached as Exhibits A through B to the Velez Declaration constitute all process, pleadings, and orders served on Defendant or filed or received by Defendant in this action. To Defendants' knowledge, no proceedings related hereto have been heard in the Superior Court of the State of California, County of Los Angeles. Velez Decl. ¶¶ 2-5.

7.   As the Doe defendants have not yet been identified or served, they need not join or consent to Defendants' Notice of Removal. *Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1193, n. 1 (9th Cir. 1988) (general rule that all defendants in a state action must join in removal applies only to defendants served in the action); *Republic Western Ins. v. International Ins*., 765 F. Supp. 628, 629 (N.D. Cal. 1991) ("The law of this circuit [...] is that defendants upon whom service has not been effected at the time

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

4870-2174-7009.1 / 086761-1000

3.    NOTICE OF REMOVAL OF CIVIL ACTION

the notice is filed, need not join in the notice of removal.") As of the date of this Notice, no parties other than Defendant have been served with the Summons and Complaint in this action. Velez Decl. ¶ 6.

8. As is set forth more fully below, based on the allegations of the Complaint and other evidence collected by Defendants, this Court has original jurisdiction pursuant to 28 U.S.C. section 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000. Therefore, this action may be removed to this Court by Defendants pursuant to 28 U.S.C. section 1441(a).

## IV.  TIMELINESS OF REMOVAL

9. An action may be removed from state court by filing a notice of removal together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of a defendant's receiving an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Here, Plaintiff served his Complaint on Defendant on November 21, 2022. Therefore, AA can remove this action through December 21, 2022. *See* FED. R. CIV. P. 6(a)(1)(c). This Notice of Removal is filed on December 21, 2022, and is therefore timely.

10. This Notice of Removal is also timely because it is based on diversity jurisdiction and filed within one year of the date the action was originally filed on November 18, 2022.

## V.  DIVERSITY JURISDICTION

11. The diversity jurisdiction statute, 28 U.S.C. section 1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States. . . .

12. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and is one which

4870-2174-7009.1 / 086761-1000

4.   NOTICE OF REMOVAL OF CIVIL ACTION

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

may be removed to this Court by Defendants pursuant to 28 U.S.C. section 1441(b), because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A. Diversity Of Citizenship

#### i. Plaintiff Is A Citizen Of California.

13. For purposes of diversity jurisdiction, a person is a "citizen" of the State in which he or she is domiciled. *See* 28 U.S.C. § 1332(a)(1); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); s*ee Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise").

14. Plaintiff alleges that "[a]t all times . . . [P]laintiff was an individual who resided in the City of Perris, County of Riverside, State of California . . . and was and is a citizen of the State of California". (*See* Complaint, ¶ 20 Exh. A) In addition, Plaintiff's employment records indicate that he has resided in California and does not have any intention to leave. Velez Decl. ¶ 6. This is evidence of Plaintiff's domicile, or residence with the intention to remain, in California. Plaintiff is therefore a citizen of the State of California.

#### ii. The Named Defendant Is Not A Citizen Of California But A Citizen of Delaware and Texas.

15. In determining diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp.*

4870-2174-7009.1 / 086761-1000

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

5.    NOTICE OF REMOVAL OF CIVIL ACTION

*v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters." (Citations omitted.) *See also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

16. Defendant is incorporated in the State of Delaware. Declaration of Caroline Ray in Support of Defendants' Notice of Removal ("Ray Decl." ¶ 3.) Its principal place of business is in Ft. Worth, Texas, which is the location of its corporate headquarters and where the vast majority of its executive and administrative functions are performed. *Id.*

17. Defendant is therefore a citizen of the State of Delaware and the State of Texas. *Breitman,* 37 F.3d at 564. Defendant is not a citizen of the State of California.

### iii. Citizenship Of Doe Defendants Should Be Disregarded.

18. Plaintiff's Complaint also names as defendants "Does 1- 50." Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. Further, to Defendants' knowledge, no fictitious defendant has been served; thus, none need join in the Notice of Removal. *See Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summoned can remove by themselves.")

### iv. Complete Diversity Exists Because Plaintiff Does Not Share Citizenship with Any Named Defendant.

19. A controversy is deemed to be "between citizens of different states" where all persons or entities on one side of the case are citizens of different states than all persons or entities on the other side of the case. *See* 28 U.S.C. § 1332; *Strawbridge v.*

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4870-2174-7009.1 / 086761-1000

6.   NOTICE OF REMOVAL OF CIVIL ACTION

*Curtiss*, 7 U.S. 267 (1806), overruled in part and on other grounds by *Louisville, C. & C.R. Co. v. Letson*, 43 U.S. 497 (1844); *Pullman Co. v. Jenkins*, 305 US 534, 541, 59 (1939).  In other words, no opposing party shares citizenship with Plaintiff.  *Id.*

20. As such and disregarding the unnamed Doe defendants, because Plaintiff is a citizen of California and Defendant is not a citizen of California, the requisite complete diversity of citizenship exists in this action.

### B. The Amount In Controversy Exceeds $75,000.

21. Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332(a).  The U.S. Supreme Court has affirmed that the notice of removal need only contain a "short and plain statement of the grounds for removal."  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551, 551, 190 L. Ed. 2d 495 (Dec. 15, 2014) (citing 28 U. S. C. §1446(a)).  Moreover, Defendants need not submit evidence to support a notice of removal.  *Id*. at 553.  Defendants need only plausibly allege that the amount in controversy exceeds $75,000.  *Id*. ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.")

22. Defendant denies the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them.  Nevertheless, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or penalties, it is readily apparent that Plaintiff's claims place into controversy an amount well in excess of $75,000.

23. Notably, Plaintiff's Complaint expressly seeks recovery in excess of $150,000, including for alleged general and compensatory damages, medical and related expenses, and lost earnings and related expenses. (*See* Complaint, Prayer Exh. A)

24. It can further be ascertained based on Plaintiff's claims and allegations that the amount in controversy does, in fact, exceed $75,000, exclusive of interest and costs.

4870-2174-7009.1 / 086761-1000
7.    NOTICE OF REMOVAL OF CIVIL ACTION
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

Where a complaint is silent on the subject, a defendant may provide facts in the notice of removal demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2).

25.  In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in his complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by the plaintiff's complaint, and not how much, if anything, the defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). In determining the amount in controversy, the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

26.  The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court in *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014), held that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." The *Dart Cherokee* Court explained that the removal statute tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id*. at 84, 87. Just as a plaintiff's amount-in-controversy allegation is accepted when invoking federal court jurisdiction, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 87. Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. Id. at 95.

27.  As one district court held, "the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for

4870-2174-7009.1 / 086761-1000

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

8.   NOTICE OF REMOVAL OF CIVIL ACTION

damages.'" *Cagle v. C & S Wholesale Grocers, Inc.*, 2014 WL 651923, at *7 (E.D. Cal. Feb. 19, 2014), citing *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009). When a "[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible, the court may find that the [d]efendant has established by a preponderance of the evidence that the amount in controversy is met." *Id.* (citations and quotations omitted).

28. Plaintiff asserts eight (8) separate causes of action in his Complaint and for those claims, he seeks: (1) general and compensatory damages, including for mental and emotional distress and other special and general damages; (2) punitive damages; (3) medical and related expenses; (4) lost earnings and related expenses; (5) attorneys' fees and costs; (6) interest; (and (7) any other relief the Court deems just and proper. (*See* Complaint, Prayer Exh. A)  The total amount of damages Plaintiff seeks and the total amount implicated by these forms of relief clearly exceed the sum of $75,000, exclusive of interests and costs.

29. <u>Economic Damages</u>.  Plaintiff alleges that, as a result of Defendant's alleged actions, Plaintiff suffered and continues to suffer substantial loss of earnings and employment benefits, and will suffer additional loss of earnings and reduced earning capacity in the future. (Complaint ¶¶ 27, 29, 40, 42, 52, 54, 64, 66, 87, 89, 104, 106, 116, and 118.)

30. At the time Plaintiff's employment ended on or about September 27, 2022, his annualized salary was approximately $73,856.38. (Velez Decl. ¶ 7). (*See* Complaint ¶ 10.)  If Plaintiff were to recover back wages from September 27, 2022, to trial the last week of May 2024– eighteen months from when Defendant was served – Plaintiff may be seeking a total of about 87 weeks of lost wages, or approximately $123,566.10 ($1,420.30/week x 87 weeks), not including the value of employment benefits.

31. <u>Emotional Distress Damages</u>.  In addition to economic damages, Plaintiff seeks to recover non-economic damages for his alleged emotional distress. Plaintiff alleges that, as a result of Defendant's alleged actions, he has suffered and continues to

4870-2174-7009.1 / 086761-1000

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

9.   NOTICE OF REMOVAL OF CIVIL ACTION

suffer extreme emotional distress, including but not limited to embarrassment, humiliation, mental anguish, severe shock to his nervous system, anxiety, and sleeplessness. (Complaint ¶¶ 31, 44, 56, 68, 77, 80, 91, 102, 108, 114, and 119.) An award of damages for emotional distress alone can exceed the jurisdictional minimum. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (C.D. Cal. 2002) (noting a $3.5 million award for pain and suffering in an employment discrimination case, and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial").

32.   Plaintiff's potential recovery of such damages demonstrates that the jurisdictional prerequisite for removal of this action is met. See, e.g., *Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish").

33.   In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where the plaintiff had only claimed $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." Id. at 980. Based on the conservative estimate from *Kroske*, Plaintiff's potential recovery of emotional distress damages could add at least $25,000 to the amount in controversy.

34.   <u>Punitive Damages</u>.   Plaintiff also seeks an award of punitive damages. Complaint ¶¶ 13, 34, 47, 59, 71, 83, 94, 111, and 122.) Under California law, punitive damages may be recovered "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." CAL. CIV. CODE § 2394(a). Punitive damages are included in the amount in controversy. *Gibson v.*

4870-2174-7009.1 / 086761-1000
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

10.   NOTICE OF REMOVAL OF CIVIL ACTION

*Chrysler Corp.*, 261 F.3d 927, 945-46 (9th Cir. 2001). In *State Farm Mutual Automobile Insurance Company v. Campbell,* f, 425 (2003), the Supreme Court ruled that punitive damages of up to four times the amount of compensatory damages (a 4:1 ratio) is appropriate to "deter and punish." In particular, employment discrimination cases have the potential for large punitive damages awards. See *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (highlighting jury verdicts with "substantial punitive damage awards" in employment discrimination cases.)

35.  Jury verdicts in California employment cases demonstrate that, were Plaintiff to prevail at trial, punitive damages alone could bring the amount in controversy over the $75,000 threshold. For instance, in *Roby v. McKesson Corp.,* 47 Cal. 4th 686 (2009), the jury returned a verdict for the plaintiff and awarded punitive damages of $15 million against the employer. The intermediate appellate court reduced the punitive damages award to $2 million, and the California Supreme Court further reduced it to $1,905,000 (equal to the compensatory damages award). In *McGee v. Tucoemas Federal Credit Union*, 153 Cal. App. 4th 1351 (2007), the jury returned a verdict for the plaintiff and awarded her $1.2 million in punitive damages against the employer. The appellate court affirmed.

36.  Although Defendant disputes that Plaintiff is entitled to recover any damages whatsoever, especially any punitive damages, the *Roby* and *McGee* decisions illustrate that a punitive damages award potentially could alone exceed $1 million. Here, applying a conservative 1:1 ratio of punitive damages to lost wages only, punitive damages would add an additional $123,566.1 to the amount in controversy (see calculations, at paragraph 30, supra).

37.  Attorneys' Fees. Plaintiff also seeks an award of reasonable attorneys' fees. (Complaint ¶¶ 30, 43, 55, 67, 79, 90, and107; *see* Prayer.) It is well-settled that, when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th

4870-2174-7009.1 / 086761-1000

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

11.     NOTICE OF REMOVAL OF CIVIL ACTION

Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, court may estimate amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail). In doing so, the Court must consider the aggregate value of claims for attorneys' fees, including future attorneys' fees. See *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

38. "Recent estimates for the number of hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)." *Sasso v. Noble Utah Long Beach, LLC*, No. CV14-09154-AB(AJWx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015). See also *Tiffany v. O'Reilly Automotive Stores, Inc.*, 2013 WL 4894307 (E.D. Cal. Sept. 11, 2013) (denying motion to remand in discrimination case where plaintiff's back pay was only $15,574, noting, "it is virtually inconceivable that a reasonably-compensated attorney could litigate a case for two years and through a ten-day trial for less than $27,280.00 in attorney fees . . . At $250 per hour, the jurisdictional amount would be reached in less than 110 hours." Id. at *4.

39. Attorneys' fee awards in FEHA cases can be sizeable. See, e.g., *Beaty v. BET Holdings, Inc.*, 222 F.3d 607, 610 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award). Other California courts have upheld large attorneys' fee awards in FEHA cases. See Flannery v. Prentice, 26 Cal. 4th 572, 576, 590 (2001) (affirming award of

4870-2174-7009.1 / 086761-1000

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

12.    NOTICE OF REMOVAL OF CIVIL ACTION

attorneys' fees and costs of $891,042); *Mangold v. California Public Utilities Comm'n*, 67 F.3d 1470, 1479 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less).

40. Thus, although Defendant denies that Plaintiff is entitled to prevail, let alone recover attorney's fees, Plaintiff's demand for attorneys' fees further increases the amount in controversy by at least $30,000, based on this Court's extremely conservative estimate in *Sasso*.

41. In sum, based on the foregoing, a preponderance of the evidence demonstrates that the amount in controversy is this case is well in excess of $75,000 and, thus, is sufficient to establish this Court's original jurisdiction under 28 U.S.C. §1332(a).

## VI. NOTICE TO PLAINTIFF AND STATE COURT

42. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of Los Angeles.

Dated:   December 21, 2022

LITTLER MENDELSON, P.C.

_____
Tanja L. Darrow
Melissa Velez
Attorneys for Defendant
AMERICAN AIRLINES, INC.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4870-2174-7009.1 / 086761-1000

13.   NOTICE OF REMOVAL OF CIVIL ACTION